UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
EDGAR AGOSTO RODRIGUEZ

CASE NO. 16-01980-MCF

CHAPTER 13

XXX-XX-8145

DEBTOR (S)

# TRUSTEE'S UNFAVORABLE REPORT
## ON PROPOSED POST CONFIRMATION PLAN MODIFICATION

TO THE HONORABLE COURT: NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1329**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Above Median / 60 months commitment period.**    Gen Unsecured Pool: **$0.00**

The **LIQUIDATION VALUE** of the estate has been determined in **$4,894.00**    R2016 STM. **$3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,868.00    Fees paid: $1,148.01    Fees Outstanding: $1,719.99**

With respect to the proposed (amended) Plan dated: **11/23/2016** (Dkt 34). Plan Base: $**14,400.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

 - Feasibility : Default in direct payments to a secured creditor, as provided in plan . [§1325(a)(6)]-As per pending 362 Motion filed by BANCO POPULAR DE PUERTO RICO, Debtor has allegedly incurred in post-petition arrears . Debtor intends to cure post-petition arrears to BANCO POPULAR DE PUERTO RICO through the proposed PCM . Debtor has failed to disclose the reasons that led him to incur in said arrears.

 - Feasibility [§1325(a)(6)]: There is/are no allowed claim(s) for creditor(s) dealt in the plan [FRBP RULE 3021] - BANCO POPULAR DE PUERTO RICO, secured creditor provided for in the plan, is yet to file its proof of claim for post-petition arrears . Said creditor will not participate from the disbursements regarding said arrears until it files its claim .

 - Insufficiently Funded : Fails CREDITORS' BEST INTEREST TEST [§1325(a)(4)]--The Plan is insufficiently funded to pay unsecured creditors the amount equivalent to the Estate's liquidation value of $4,894.00 . The minimum base needed totals approximately $22,350.00.

 - Feasibility [§1325(a)(6)] -- Debtor has failed to submit evidence to sustain his ability to comply with step up proposed in the PCM. Debtor must take into consideration that the monthly payment must coincide with disposable income, Debtors must show by definite and credible evidence that they can comply with payments as proposed . To satisfy feasibility, a Debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that debtor will have the necessary resources to make all payments as directed by the plan. 11 USC 1325 (a)(6); In re Brunson, 87 B.R. 304, 313 (Bankr. D.N.J.1988), In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1 rst Cir. 1997). Thus, the debtor carries the initial burden of showing that the plan is feasible . In re Felberman, 196 B.R. 678, 685 (Bankr. S.D.N.Y. 1995); In re Endicott, 157 B.R. 255, 263 (W.D. Va. 1993).

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same .

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system .

In San Juan, Puerto Rico this December 06, 2016.

/s/ Jose R. Carrion

Jose R. Carrion -Chapter 13 Trustee
PO Box 9023884, San Juan PR 00902
Tel. 787-977-3535 Fax 787-977-3550

KT Ld35, Lc05